# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALICIA DIAGNOSTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MEDLINE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, ALICIA DIAGNOSTICS, INC. ("Alicia Diagnostics" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant, MEDLINE INDUSTRIES, INC. ("Medline" or "Defendant"), and states as follows:

### PARTIES, VENUE, & JURISDICTION

1. This is an action for damages. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. §1332, in that Plaintiff and Defendant are of diverse citizenship, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

2. Alicia Diagnostics is a corporation which distributes medical equipment worldwide and is organized under the laws of the State of Florida, with its principal place of business in Chuluota, Florida.

3. Medline is a corporation which manufactures certain medical products and equipment and is organized under the laws of the State of Illinois, with its principal place of business in Illinois.

4. Venue is proper in this Court because the contract governing the relationship between the parties provides for exclusive jurisdiction and venue in Northern District of Illinois,

Eastern Division, and provides that both parties submit to the personal jurisdiction of this Court.

## FACTUAL BACKGROUND

5. Alicia Diagnostics is a distributor of medical equipment and supplies that connects various territories throughout the world with medical supplies at wholesale volumes.

6. Medline is a manufacturer and distributor of healthcare and medical equipment that acts as a supply vendor for various distributors.

7. Beginning in 2013, Alicia Diagnostics set out to export certain medical supplies to the country of Iran.

8. To that end, Alicia Diagnostics secured a license through the U.S. Department of the Treasury Office of Foreign Assets Control to export certain food items, medicine, and basic medical supplies to Iran.

9. In August 2016, Medline and Alicia Diagnostics entered into a Distribution Agreement wherein Medline appointed Alicia Diagnostics as its exclusive distributor of certain Advanced Wound Care products in Iran up and until August 25, 2021 (the "Distribution Agreement"). A true and correct copy of the Distribution Agreement is attached hereto as **Exhibit "A."**

10. The terms of the Distribution Agreement included the following, among others:

    a. Through the course of the Distribution Agreement, Alicia Diagnostics must purchase and pay for the following United States dollar volumes of Medline products:

        i. Year 1: $1,000,000

        ii. Year 2: $1,500,000

        iii. Year 3: $500,000 growth or 20% growth over prior year, whichever is

       greater

    iv. Year 4: $500,000 growth or 20% growth over prior year, whichever is greater

    v. Year 5: $500,000 growth or 20% growth over prior year, whichever is greater

11. Through 2016 and 2017, Alicia Diagnostics successfully registered approximately 80 Medline products with the Iranian Ministry of Health ("MOH") to meet the Iranian Transactions and Sanctions Regulations.

12. MOH is a government organization regulating the import and sale of medical equipment and supplies in a particular territory.

13. In working with the MOH, Alicia Diagnostics would register the potential products and submit all quality, testing, and pricing documentation of products for MOH approval.

14. Alicia Diagnostics has expended a total of approximately $121,000 on the registration of the Medline products through MOH and other necessary organizations, and on securing the required permits, registrations, and licenses to export and distribute Medline products in Iran.

15. Once the MOH registration process was complete, Alicia Diagnostics would then submit a proforma invoice for each delivery to MOH to apply for the import license.

16. Under the applicable Iranian regulations, to secure its performance, Alicia Diagnostics was required to post cash collateral in an amount equal to two times the total cost of the order, half of which was deposited into and held in an Iranian escrow account, and the other half was deposited with and held by MOH.

17. On top of those deposits, Medline also required a deposit from Alicia Diagnostics

to secure payment for the ordered products, typically equal to the total order amount.

18. The funds Alicia Diagnostics expended and deposited in Iran to secure, export, and deliver the products were not to be returned to Alicia Diagnostics until the products cleared customs in the destination country.

19. Once MOH approves the order and allocates funds, Alicia Diagnostics then had 45 days to submit proof of shipment before interest, fines, and late fees would be applied and deducted from the order escrow and MOH collateral.

20. If Alicia Diagnostics' did not provide proof of shipment within 90 days, its license would become delinquent and, at that point, Alicia Diagnostics would be barred from applying for additional licenses until full delivery was made plus Alicia Diagnostics' principals could be subject to arrest in Iran for various crimes including fraud and money laundering.

21. Additionally, if any delay in manufacturing or delivery of Medline products would occur, Alicia Diagnostics' deposited funds would be locked up in non-interest-bearing places and would be inaccessible.

22. Unfortunately, over the course of Alicia Diagnostics and Medline's relationship, Medline has failed to timely deliver on any of Alicia Diagnostics' orders. As a result of Medline's failures, Alicia Diagnostics has experienced significant damages, including loss of profits, fines, penalties and loss of licenses.

23. These delays are in direct violation of the promises inherent in the Distribution Agreement between Alicia Diagnostics and Medline.

24. Pursuant to the Distribution Agreement, the parties agreed to litigate any and all disputes in "the federal courts of Illinois encompassing Mundelein, IL."

25. All conditions precedent to the maintenance of this action have been performed,

excused or waived.

26. Plaintiff has retained an attorney to prosecute its interests in this matter, and is obligated to pay reasonable attorneys' fees for services.

## COUNT I – BREACH OF DISTRIBUTION AGREEMENT

27. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 above.

28. This is a cause of action by Alicia Diagnostics against Medline for breach of contract.

29. In the Distribution Agreement, Medline appointed Alicia Diagnostics as its exclusive distributor of certain products in Iran. In exchange for such appointment and commitment, Alicia Diagnostics made numerous promises and significant commitments to Medline. Thus, the parties had an express, enforceable agreement. See **Exhibit "A."**

30. One of such commitments was minimum purchase obligations for each 12 month period for five years. Another such commitment was an exclusive relationship between these parties regarding purchase, distribution, and promotion of certain products, including rights of first refusal.

31. In the Distribution Agreement, Medline additionally committed to quality terms and conditions of its products.

32. Considering these commitments, Alicia Diagnostics made business plans and relationships with other parties, expended time, money, and resources toward such business relationships, and declined other business opportunities due to the commitments to Medline. Furthermore, Alicia Diagnostics was precluded from filling the voids caused by Medline's failures due to the exclusive nature of the Distribution Agreement.

33. Medline breached the Distribution Agreement in material respects by (1) failing to

timely manufacture and deliver products to Alicia Diagnostics; (2) failing to timely cure any delays or product deficiencies caused by Medline; (3) failing to allow Alicia Diagnostics to meet the minimum purchase obligations; and (4) failing to meet its commitments to Alicia Diagnostics.

34. As a result of Medline's breaches, Alicia Diagnostics has suffered damages, including but not limited to, lost profits, lost opportunities, fines, penalties, legal costs, forfeited deposits, loss of licenses, and destruction of relationships and reputation with other parties. Alicia Diagnostics' damages regarding Medline's breach of the Distribution Agreement exceed $1,000,000 (One Million dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT II - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

35. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 29 through 32 above.

36. This is a cause of action by Alicia Diagnostics against Medline for breach of the implied duty of good faith and fair dealing.

37. Medline breached the implied covenant of good faith and dealing in the Distribution Agreement by (1) failing to timely manufacture and deliver products to Alicia Diagnostics; (2) failing to timely cure any delays or product deficiencies caused by Medline; (3) failing to allow Alicia Diagnostics to meet the minimum purchase obligations, and (4) failing to meet its commitments to Alicia Diagnostics.

38. Medline further breached the implied covenant of good faith and fair dealing by continuously assuring timely delivery and product availability to Alicia Diagnostics despite the lack of ability to do so and refusing to rectify the problems.

39. As a direct and proximate cause of Medline's breaches of the implied covenant of good faith and fair dealing, Alicia Diagnostics suffered significant damages. Alicia Diagnostics' damages regarding these breaches exceed $1,000,000 (One Million dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

40. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 above.

41. This is a cause of action by Alicia Diagnostics against Medline for breach of contract.

42. On June 9, 2017 a pro forma invoice was submitted by Alicia Diagnostics and its partner located in Iran, DG Dena, to MOH for an Advanced Wound Care order from Medline ("First AWC Order").

43. On August 24, 2017, Medline submitted a Proforma/Quote for the First AWC Order ("First AWC Order Invoice"), containing Alicia Diagnostics' customer number, which states delivery would be made between 4-6 weeks. A true and correct copy of the First AWC Order Invoice is attached as **Exhibit "B."** Alicia Diagnostics paid Medline for the First AWC Order.

44. Despite promises of timely deliverance, the First AWC Order was not shipped by Medline within 4-6 weeks. Instead it was shipped over 6 *months* later, on March 17, 2018.

45. Due to Medline's long delay, Alicia Diagnostics lost all profits on the First AWC Order. In addition, Alicia Diagnostics incurred (a) late fees and fines by MOH associated with the delay, and (b) fees and costs to appeal and fight their loss of license.

46. Medline and Alicia Diagnostics had an enforceable agreement for the timely delivery of the First AWC Order.

7

47. Medline breached the agreement in material respects by 1) failing to timely manufacture and deliver the products to Alicia Diagnostics; and 2) failing to timely cure any delay and defects caused by Medline.

48. As a direct and proximate cause of Medline's breaches of the agreement, Alicia Diagnostics suffered damages. Alicia Diagnostics' damages regarding the First AWC Order exceed $130,000 (One Hundred Thirty Thousand Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT IV - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

49. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 42 through 47 above.

50. This is a cause of action by Alicia Diagnostics against Medline for breach of the implied duty of good faith and fair dealing.

51. Medline breached the implied covenant of good faith and dealing in the Agreement by continuously delaying manufacture and delivery of the First AWC Order, causing significant damages to Alicia Diagnostics.

52. Medline further breached the implied covenant of good faith and fair dealing by continuously assuring timely delivery and product availability to Alicia Diagnostics despite the lack of ability to do so and refusing to rectify the problems, which caused damages to Alicia Diagnostics.

53. As a direct and proximate result of Medline's breaches of the implied covenant of good faith and fair dealing, Alicia Diagnostics suffered significant damages. Alicia Diagnostics' damages regarding the First AWC Order exceed $130,000 (One Hundred Thirty Thousand

Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

### COUNT V - BREACH OF EXPRESS WARRANTY
### UNIFORM COMMERCIAL CODE § 2-301, ET AL.

54. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 42 through 46 above.

55. This is an action for monetary damages against Medline for breach of an express warranty pursuant to Uniform Commercial Code § 2-301, et al. To the extent required, Count V is pled in the alternative to Counts III and IV.

56. Alicia Diagnostics entered into a contract for the First AWC Order whereby Medline made express warranties, promises, and affirmations that it would sell and deliver products to Alicia Diagnostics.

57. Alicia Diagnostics relied upon Medline's express warranties, affirmations, promises, and assurances.

58. Medline breached the express warranties by (1) failing to timely manufacture and deliver the products to Alicia Diagnostics; and (2) failing to timely cure any delay and defects caused by Medline.

59. As a direct and proximate result of Medline's breach of the express warranties, Alicia Diagnostics has suffered damages, including but not limited to, lost profits, lost opportunities, fines, penalties, legal costs, forfeited deposits, loss of licenses, and destruction of relationships and reputation with other parties.

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT VI- BREACH OF CONTRACT

60. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 above.

61. This is a cause of action by Alicia Diagnostics against Medline for breach of contract.

62. On May 14, 2018, Medline submitted a Proforma Invoice for a Second AWC Order ("Second AWC Order Invoice"), containing Alicia Diagnostics' customer number, which states delivery "30 days post Pre-payment." A true and correct copy of the Second AWC Order Invoice is attached as **Exhibit "C**."

63. On June 7, 2018, a proforma invoice was submitted by Alicia Diagnostics and its partner located in Iran, DG Dena, to MOH for the Advanced Wound Care order ("Second AWC Order").

64. After the proforma invoice was submitted to MOH for the Second AWC Order, Alicia Diagnostics confirmed product availability with Medline and submitted a deposit to Medline on July 26, 2018.

65. Unfortunately, despite confirming and promising product availability, Medline subsequently informed Alicia Diagnostics it could not deliver on time. In addition, Medline shipped a portion of products identified as dangerous goods without notifying Alicia Diagnostics, which resulted in rejection of the shipment and further delay. Medline also shipped a portion of products with empty boxes and incorrect pallet configurations, which resulted in further delay and additional curative costs to Alicia Diagnostics. Medline also failed to provide a certificate of origin, causing further delays.

66. Medline did not process the remaining product of the Second AWC Order until April 3, 2019.

67. As a result of the extreme delays, Alicia Diagnostics was unable to apply for additional import licenses for the entire duration of Medline's delay of the Second AWC Order.

68. Due to Medline's long delay, Alicia Diagnostics lost all profits on the Second AWC Order. In addition, Alicia Diagnostics incurred (a) late fees and fines by MOH associated with the delay; and (b) fees and costs to appeal and fight their loss of license.

69. Medline and Alicia Diagnostics had an enforceable agreement for the timely delivery of the Second AWC Order.

70. Medline breached the agreement in material respects by (a) failing to timely manufacture and deliver the products to Alicia Diagnostics; and (b) failing to timely cure any delay and defects caused by Medline.

71. As a direct and proximate result of Medline's breaches of the agreement, Alicia Diagnostics suffered damages. Alicia Diagnostics' damages regarding the Second AWC Order exceed $68,000 (Sixty-Eight Thousand Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

### COUNT VII- BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

72. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 62 through 70 above.

73. This is a cause of action by Alicia Diagnostics against Medline for breach of the implied duty of good faith and fair dealing.

74. Medline breached the implied covenant of good faith and fair dealing in the Agreement by continuously delaying manufacture and delivery of the Second AWC Order, causing significant damages to Alicia Diagnostics.

75. Medline further breached the implied covenant of good faith and fair dealing by continuously assuring timely delivery and product availability to Alicia Diagnostics despite the lack of ability to do so and refusing to rectify the problems, which caused damages to Alicia Diagnostics.

76. As a direct and proximate cause of Medline's breaches of the implied covenant of good faith and fair dealing, Alicia Diagnostics suffered significant damages. Alicia Diagnostics' damages regarding the Second AWC Order exceed $68,000 (Sixty-Eight Thousand Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT VIII - BREACH OF EXPRESS WARRANTY
## UNIFORM COMMERCIAL CODE § 2-301, ET AL.

77. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 62 through 69 above.

78. This is an action for monetary damages against Medline for breach of an express warranty pursuant to Uniform Commercial Code § 2-301, et al. To the extent required, Count VIII is pled in the alternative to Counts VI and VII.

79. Alicia Diagnostics entered into a contract for the Second AWC Order whereby Medline made express warranties, promises, and affirmations that it would sell and deliver products to Alicia Diagnostics.

80. Alicia Diagnostics relied upon Medline's express warranties, affirmations, promises, and assurances.

81. Medline breached the express warranties by (1) failing to timely manufacture and deliver the products to Alicia Diagnostics; and (2) failing to timely cure any delay and defects caused by Medline.

82. As a direct and proximate result of Medline's breach of the express warranties, Alicia Diagnostics has suffered damages, including but not limited to, lost profits, lost opportunities, fines, penalties, legal costs, forfeited deposits, loss of licenses, and destruction of relationships and reputation with other parties.

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT IX – BREACH OF CONTRACT

83. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 above.

84. This is a cause of action by Alicia Diagnostics against Medline for breach of contract.

85. In early 2019, Medline committed to sell Alicia Diagnostics five 40-foot shipping containers of OR Standard Surgical Gloves in three separate orders. The first order was for one shipping container ("First Surgical Glove Order"). The second order was for two shipping containers ("Second Surgical Glove Order"). The third order was for the remaining two shipping containers ("Third Surgical Glove Order"). Documents supporting and evidencing the commitment to these Orders are attached here collectively as **Exhibit "D."**

86. The First Surgical Glove Order was submitted to MOH in April 2019. Alicia Diagnostics paid Medline a deposit on this Order in April 2019.

87. Due to Medline's delays and failures, the First Surgical Glove Order was not delivered until December 2019.

88. In or around September 2019, Alicia Diagnostics confirmed with Medline the Second Surgical Glove Order. Alicia Diagnostics paid Medline a deposit on this Order in December 2019.

89. Due to Medline's delays and failures, the Second Surgical Glove Order was not delivered until the end of February 2020.

90. In or around December 2019, Alicia diagnostics confirmed with Medline the Third Surgical Glove Order. However, due to Medline's previous delays and failures, the Third Surgical Glove Order was never delivered.

91. Each time a Glove Order was delayed and not timely delivered, the MOH reduced the price it was willing to pay for such order. In addition, Alicia Diagnostics incurred fines, costs, and legal fees in fighting and negotiating with the MOH in attempt to continue being allowed to do business and deliver products.

92. Due to Medline's lengthy delays and failure to deliver on these Glove Orders, Alicia Diagnostics lost profits on the First, Second, and Third Surgical Glove Orders. In addition, Alicia Diagnostics incurred (a) late fees and fines by MOH associated with the delay; and (b) fees and costs to appeal and fight their loss of license.

93. Medline and Alicia Diagnostics had an enforceable agreement for the timely delivery of five containers of surgical gloves.

94. Based on Medline's commitment to five containers of surgical gloves, Alicia Diagnostics received commitments from its customers for an additional order of five containers during 2020. Due to Medline's delays and failure to deliver, the additional order of five containers was never fulfilled.

95. Medline breached the agreement in material respects by (a) failing to timely manufacture and deliver the products to Alicia Diagnostics; and (b) failing to timely cure any delay and defects caused by Medline.

96. As a direct and proximate cause of Medline's breaches of this agreement, Alicia

Diagnostics suffered damages. Alicia Diagnostics' damages regarding the initial five container glove order exceed $600,000 (Six Hundred Thousand Dollars). The damages regarding the additional five container glove order exceed $240,000 (Two Hundred Forty Thousand Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT X - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

97. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 85 through 95 above.

98. This is a cause of action by Alicia Diagnostics against Medline for breach of the implied duty of good faith and fair dealing.

99. Medline breached the implied covenant of good faith and dealing in the agreement by continuously delaying manufacture and delivery of the First, Second, and Third Surgical Glove Orders, causing significant damages to Alicia Diagnostics.

100. Medline further breached the implied covenant of good faith and fair dealing by continuously assuring timely delivery and product availability to Alicia Diagnostics despite the lack of ability to do so and refusing to rectify the problems, which caused damages to Alicia Diagnostics.

101. As a direct and proximate cause of Medline's breaches of the implied covenant of good faith and fair dealing, Alicia Diagnostics suffered significant damages. Alicia Diagnostics' damages regarding the initial five container glove order exceed $600,000 (Six Hundred Thousand Dollars). The damages regarding the additional five container glove order exceed $240,000 (Two Hundred Forty Thousand Dollars).

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries,

Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

## COUNT XI - BREACH OF EXPRESS WARRANTY
## UNIFORM COMMERCIAL CODE § 2-301, ET AL.

102. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 26 and 85 through 94 above.

103. This is an action for monetary damages against Medline for breach of an express warranty pursuant to Uniform Commercial Code § 2-301, et al. To the extent required, Count XI is pled in the alternative to Counts IX and X.

104. Alicia Diagnostics entered into a contract for five containers of surgical gloves whereby Medline made express warranties, promises, and affirmations that it would sell and deliver products to Alicia Diagnostics.

105. Alicia Diagnostics relied upon Medline's express warranties, affirmations, promises, and assurances.

106. Medline breached the express warranties by (a) failing to timely manufacture and deliver the products to Alicia Diagnostics; and (b) failing to timely cure any delay and defects caused by Medline.

107. As a direct and proximate result of Medline's breach of the express warranties, Alicia Diagnostics has suffered damages, including but not limited to, lost profits, lost opportunities, fines, penalties, legal costs, forfeited deposits, loss of licenses, and destruction of relationships and reputation with other parties.

WHEREFORE, Alicia Diagnostics, Inc. demands judgment against Medline Industries, Inc. for damages, interest, costs, and all other relief the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

                                          Respectfully submitted,

                                          ALICIA DIAGNOSTICS, INC.,

                                          By:   */s/ Richard G. Douglass*
                                                        One of Their Attorneys

Richard G. Douglass
DOUGLASS & LADISCH DOUGLASS P.C.
638 S. Fairview Ave.
Elmhurst, IL 60126
(773) 726-4983
*rich@douglasspc.com*
ARDC # 6282777

*Of Counsel*

Thomas S. Cargill
MORGAN & MORGAN P.A.
*Business Trial Group*
20 N. Orange Ave, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3337
*TCargill@forthepeople.com*
*LAbbott@forthepeople.com*

*Attorneys for Plaintiff*